UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MADISON P. FENNELL,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF MACOMBER, et al.,<br><br>        Defendants. | Case No.  1:25-cv-01435-FRS (EPG)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO     DISMISS THE INITIAL COMPLAINT BE DENIED AS MOOT<br><br>(Doc. 7)<br><br>FOURTEEN DAY DEADLINE |

## I.   BACKGROUND

On October 28, 2025, Plaintiff Madison Fennell ("Plaintiff") filed her initial complaint in this action naming Jeff Macomber, Ronald Broomfield, Dr. Anu Banerjee, Jorge Aldaco, Tammy L. Campbell, Raul Morales, Bryan Phillips, Tami Falconer, Javier Avila, Michael Wukits, David Robinson, Eric Essman, American Ambulance, County of Kings, California Correctional Health Care Services ("CCHCS") and California Department of Corrections and Rehabilitation ("CDCR") as defendants. (Doc. 1.)

On January 6, 2026, CCHCS and CDCR filed a motion to dismiss the complaint under

1

Federal Rule of Civil Procedure 12(b)(6).  (Doc. 7.)

In lieu of an opposition, on January 22, 2026, Plaintiff filed a First Amended Complaint no longer naming CCHCS and CDCR as defendants. (Doc. 9.)

On January 26, 2026, the Court issued an order instructing the Clerk of Court to terminate Defendants CCHCS and CDCR from the docket.  (Doc. 12.)

**II.    DISCUSSION**

"An amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997)); *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").  The initial complaint "no longer performs any function" and "is treated thereafter as non-existent." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) (internal citation and quotation marks omitted).

Because CCHCS and CDCR's motion to dismiss targeted Plaintiff's initial complaint, which is no longer in effect, the motion to dismiss is moot.  *Ramirez*, 806 F.3d at 1008 (reversing district court on the basis that the timely filed amended complaint mooted the pending and unopposed motion to dismiss); *Wallace v. Acosta*, No. 1:21-CV-01275-DAD-EPG, 2022 WL 10150195, at *6 (E.D. Cal. Oct. 17, 2022), *report and recommendation adopted*, No. 1:21-CV-01275-ADA-EPG, 2022 WL 17476441 (E.D. Cal. Dec. 6, 2022) (recommending that pending motion to dismiss the superseded complaint is denied as moot).

**III.    CONCLUSION AND RECOMMENDATION**

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. In light of the filing of the First Amended Complaint (Doc. 9) and termination of CCHCS and CDCR as defendants, CCHCS and CDCR's motion to dismiss (Doc. 7) be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2026**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE